**State of Vermont**
**Superior Court - Environmental Division**

======================================================================
# E N T R Y   R E G A R D I N G   M O T I O N
======================================================================

**In re Lathrop Limited Partnership I**                    **Docket No. 122-7-04 Vtec**
**(Appeal of Rueger et al of Bristol DRB Approval)**

**In re Lathrop Limited Partnership II**                   **Docket No. 210-9-08 Vtec**
**(Appeal of Lathrop Limited Partnership of DRB Denial)**

Title: Motion to Alter or Amend Judgment (Filing No. 19)

Filed: October 31, 2013

Filed By: The Town of Bristol

Reply filed on 11/13/13 by Applicant Lathrop Limited Partnership

Response in Opposition filed on 11/14/13 by Interested Persons Rueger et al.

Supplemental Response filed on 02/06/14 by Interested Persons Rueger et al.


  _X_  Granted                    ___ Denied                    ___ Other


The Town of Bristol ("the Town") asks the Court to alter or amend our October 18, 2013 merits decision in three ways. First, the Town asks that we clarify our findings and conditions regarding Lathrop Limited Partnership ("Lathrop") removing a portion of the earthen berm along South Street after the conclusion of the gravel extraction operation. Second, the Town asks that we amend the decision to require that Lathrop create a list of all terms and conditions of the permits granted in the decision, file that list with the Town, this Court, and all interested parties, and give all parties an opportunity to respond to the list to ensure its accuracy. Third, the Town asks that the decision be amended to include a condition that Lathrop must create and file with the Town a regular report of truck traffic and gravel extraction so the Town can ensure compliance with Condition #6 of our decision.

The Court has discretion in deciding whether to grant a motion to alter or amend under Vermont Rule of Civil Procedure 59(e). We recognize the correction of "manifest errors of law or fact" and the prevention of "manifest injustice" to be among the principal grounds for granting such a motion. In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (internal quotation omitted). As explained below, we conclude that we should **GRANT** the Town's motion to alter and amend, so as to further the interests of justice and to provide clarity and accuracy to our merits decision and judgment order.

First, regarding the earthen berm that will be located along South Street, we recognize that our decision requires alteration to ensure future compliance with applicable Town and State regulations. Lathrop suggested the removal of the berm for several reasons, the first of which related to whether a pit would remain at the site following all gravel extraction. Lathrop

proposed to remove the berm if doing so would avoid creating a "pit" and therefore help ensure compliance with the Bristol Zoning Ordinance. We held, however, that because of the project's resulting slopes and topography, a pit would not be created, regardless of whether the berm along South Street was removed. In re Lathrop Ltd. P'ship, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 27–28 (Vt. Super. Ct. Envtl. Div. Oct. 18, 2013) (Durkin, J.). We did conclude that removal of a portion of the berm would "improve the aesthetics and usability of the site, and [would] allow the reclaimed project site to be more aligned with the lay of adjoining lands." Id. at 28. We therefore required that this removal be included in Lathrop's final plans. Id. at 76–77. We now recognize that requiring the berm removal at this stage was in error. The berm removal is not proposed for several decades in the future and should be reviewed at that time for a determination of whether the aesthetic improvements outweigh any negative impacts and to ensure compliance with the then-existing Bristol Zoning Ordinance. As such we amend our Judgment Order to include a new condition as follows:

> At the completion of the gravel extraction phases of the project and as part of the implementation of Lathrop's reclamation plan, Lathrop shall submit applications, with detailed specifications, to the appropriate municipal and state land use authorities to either remove the earthen berm located along South Street or be relieved from any obligation to do so, all to be done in compliance with the state and municipal regulations in effect at that time.[1]

The second alteration or amendment the Town seeks is a requirement that Lathrop create and distribute a single document listing all conditions of the permits issued as a result of our October 18 decision. As Lathrop does not oppose taking this action and the Court recognizes that such a list could benefit the Town, the District Coordinator, and the parties, we amend our decision to include this requirement, with one further adjustment: the list Lathrop prepares and circulates shall include not only the project conditions required by our merits decision, but also any unappealed permit approval conditions that may govern the project.

The final alteration or amendment the Town requests is the addition of a requirement that Lathrop self-report its extraction amounts and truck traffic to the Town so that the Town can ensure enforcement of the traffic conditions. We recognize the difficulty the Town faces in determining Lathrop's gravel extraction and truck trip generation rates. As such, we recognize that not requiring some self-reporting by Lathrop to the Town (as well as the District Coordinator) was in error. The Town asks that this self-reporting be done on a semi-annual basis. However, because of the seasonal nature of Lathrop's gravel extraction operation, we conclude that annual reporting is sufficient to inform the Town of Lathrop's compliance with the conditions. Thus, we amend our merits decision to include the requirement that no later than December 31 of each year and for the duration of the permits granted in our October 18, 2013 decision, Lathrop shall file with the Town Zoning Administrator and the District

---

[1]  In a recently-filed supplemental response, Appellant Rueger and his fellow Appellant neighbors ("Neighbors") argue that the Vermont Supreme Court's recent ruling in In re Chaves, 2014 VT 5, available at http://info.libraries.vermont.gov/supct/current/op2013-069.html, warrants a stay. We believe that Neighbors misconstrue the Supreme Court's opinion in Chaves, particularly as it relates to Neighbors' request. However, we do believe that Neighbors present a convincing argument that prior notice and disclosure is needed before Lathrop is allowed to remove a portion of the resulting berm along South Street. Neighbors' argument on this point provides us with a further rationale for amending our Judgment Order as noted above. With this amended condition, Lathrop must apply for and receive approval for any future berm removal.

Coordinator a report stating the total amount of gravel extracted and one-way truck trips generated by the project in that calendar year.

For the reasons stated in greater detail above, we **GRANT** the Town of Bristol's motion to alter or amend our October 18, 2013 decision. An amended copy of the October 18, 2013 Judgment Order that accompanied our merits decision is attached hereto.

_____          ___February 11, 2014_____
            Thomas S. Durkin, Judge                              Date
===============================================================================
Date copies sent: _____                              Clerk's Initials: _____
Copies sent to:
   Service List